UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Manuel Antuna,                                        Case No. 2:17-cv-233-FtM-PAM-NPM

                            Petitioner,

v.                                                    **MEMORANDUM AND ORDER**

Richard Johnson, Warden,
Secretary, DOC, and
Florida Attorney General,

                            Respondents.

_____

This matter is before the Court on a Petition for a Writ of Habeas Corpus under 28

U.S.C. § 2254.  For the following reasons, the Petition is denied.

**BACKGROUND**

On March 19, 2014, a jury in Charlotte County, Florida, convicted Petitioner

Manuel Antuna of two counts of child abuse.  The trial court sentenced Antuna to 36

months on one count and a consecutive term of 5 years' probation on the other.  (App'x

Ex. 3.)  Shortly before the sentencing hearing, Antuna secured the services of new counsel,

Steven Burch.  (Id. Ex. 2a.)  Antuna did not take a timely appeal from either his conviction

or sentence.  His conviction and sentence thus became final for purposes of habeas review

on June 23, 2014.

In September 2015, the State charged Antuna with a violation of the probation

imposed for the second count of conviction.  Specifically, the court prohibited Antuna from

contacting a certain individual, and jail records showed that Antuna called that individual

more than 15 times in the days following his sentence.  (Id. Ex. 5.)  In March 2016, the trial court found him in violation of the terms of his probation and sentenced him to 48 months' imprisonment consecutive to any sentence previously imposed.  (Id. Ex. 8.)

Two months later, Antuna filed a petition with the Second District Court of Appeal for permission to take a belated appeal challenging his original conviction and sentence. (Id. Exs. 9, 10.)  He asserted in this petition that he had asked Mr. Burch to file an appeal but that he failed to do so.  A circuit judge held a hearing on the allegations on September 16, 2016.  Antuna presented documentary evidence and testified at the hearing, as did Mr. Burch.  The judge ultimately recommended that the Court of Appeal deny the petition (id. Ex. 14), and the Court of Appeal did so on December 14, 2016.  (Id. Ex. 15.)

In the meantime, Antuna filed a state postconviction motion under Rule 3.850, challenging his sentence on the probation-revocation charge.  The trial court denied the motion, and Antuna did not take an appeal from that denial.  In April 2017, shortly before he filed the instant Petition, Antuna sought to take another belated appeal, this time of his probation-revocation conviction and sentence.  (Id. Ex. 23.)  The Court of Appeal granted Antuna's petition, allowing him an untimely appeal, but in February 2019 affirmed his probation-revocation conviction and sentence per curiam.  (See Appeal No. 2D-17-2882 (Fla. 2d Dist. Ct. App.).)

Antuna filed this Petition under 28 U.S.C. § 2254 on May 3, 2017.  He raises a single claim, challenging the state court's resolution of his first petition to take a belated appeal.  Although the Petition is less than clear on the legal basis for this claim, in his reply memorandum, Antuna states that he seeks "federal review of the state Appellate Court's

denial of [his] due process rights under the 14th Amendment . . . , specifically an opportunity to present a plenary appellate review of his trial and subsequent conviction." (Pet'r's Reply Mem. (Docket No. 11) at 4.)

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq., a federal court's "review is greatly circumscribed and is highly deferential to the state courts." Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). Indeed, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted).  28 U.S.C. § 2254, which applies to persons in custody pursuant to a state-court judgment, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Further, § 2254 states that "a determination of a factual issue made by a State court shall be presumed to be correct." Id. § 2254(e)(1).  The burden is on the

petitioner to "rebut[] the presumption of correctness by clear and convincing evidence." Id.

## A.    Custody

A habeas petition may be brought only to challenge a conviction or sentence for which the petitioner is currently in custody.  See 28 U.S.C. § 2254(a); see also Maleng v. Cook, 490 U.S. 488, 490-91 (1989) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed.").  There is no dispute that, as of the date Antuna filed this Petition, he was no longer serving a sentence for the conviction at issue in his first petition for belated appeal.  Thus, he is not "in custody" as the statute requires.

Antuna contends that the Court should essentially toll the "in custody" requirement because he challenged his conviction in state court (by filing the petition for belated appeal) while he was still in custody for that conviction.  This raises other issues with the instant Petition, namely that it does not challenge his conviction and sentence, but rather the state court's disposition of a separate procedural issue.  But Antuna points to no authority, and the Court has found none, that allows tolling the in-custody requirement.  Rather, the Supreme Court has made clear that a habeas petitioner may not bring a claim regarding a sentence that has expired.  Maleng, 488 U.S. at 491.  Antuna's conviction had expired at the time he brought this Petition, and it may be denied on that basis.

## B.    Timeliness

The State also argues that the Petition should be dismissed because it is untimely. As noted, Antuna's conviction became final on June 23, 2014.  He filed this Petition nearly

4

three years later.  Thus, without any tolling, the Petition is well beyond the one-year limitations period.  28 U.S.C. § 2244(d)(1)(A).

Antuna first contends that the Court should disregard the State's argument on this point because the State's response to the Petition was itself untimely.  While Antuna is correct that the State filed its response six days late, that short time does not warrant striking the response or disregarding the arguments made therein.  A short delay in filing a document is not akin to missing a statute of limitations by nearly two years.

Antuna also argues that because his Petition does not challenge his conviction but rather challenges the Court of Appeal's denial of his petition to take a belated appeal, which did not occur until December 2016, the Petition is timely.  But the limitations period runs from "the date on which the judgment [of conviction] became final."  Id.  There is no exception in the statute for state-court orders that tangentially implicate a judgment of conviction but are issued after that judgment becomes final.  The Petition is untimely and may be dismissed on that basis alone.

## C.    Merits

But even if not untimely, the Petition fails on the merits.  As an initial matter, Antuna's claim that the state court violated his due-process rights fails on its face.  The Due Process Clause requires only that the government provide a process before depriving an individual of a protected interest.  Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985); see also Black v. City of Auburn, Ala., 857 F. Supp. 1540, 1547 (11th Cir. 1994) ("The underpinnings of procedural due process are notice and a fair hearing.").  Here, the state provided Antuna with all the process he was due.  He received a hearing, at which

5

he was allowed to testify and to present evidence.  That he disagrees with the state court's resolution of the issue is not a due-process claim, but rather a matter for an appeal.

Even if Antuna raised a cognizable claim, however, that claim fails.  Antuna asks this Court to find that the state appellate court's determination of the facts at his belated-appeal hearing was unreasonable.  (Docket No. 11 at 5.)  But this Court will not disturb a factfinder's credibility determinations, which are what Antuna challenges here.  See United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985) (holding that a factfinder's witness-credibility decision may not be disturbed unless the witness's testimony was unbelievable on its face); see also United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (noting that the reviewing court will not disturb a credibility determination unless it is "so inconsistent or improbable on its face that no reasonable factfinder could accept it") (quotation omitted).  Antuna has not established that any of the testimony the state-court judge credited was "inconsistent or improbable on its face."  Ramirez-Chilel, 289 F.3d at 749.  And this Court is bound to defer to the state courts' determinations of the facts, whether based on the credibility of witnesses or not.  See 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct.").  It is Antuna's burden to rebut this presumption by clear and convincing evidence and he has utterly failed to carry that burden.

The record instead shows that Antuna knew that he had the right to take an appeal and chose to pursue postconviction relief rather than an appeal.  Antuna's claim of ignorance regarding appeal rights is, as the state court found, not credible.  He cannot

establish any violation of his due-process rights in the state court's ruling on his belated-appeal petition.

In a last-ditch effort to save this Petition, Antuna argues that what he is raising here is not merely a due-process claim, but rather a claim of actual innocence.  (Docket No. 11 at 6.)  He asserts that if the Court were to grant the Petition, he would be allowed to take a belated appeal of his conviction, and in that appeal would establish that he was in fact innocent of the charges brought against him.  But even if Antuna has such evidence, this Court's role on habeas is to review state-court determinations.  The only state-court determination Antuna challenges is the denial of his belated-appeal petition.  There was no due-process violation in that denial, and certainly no "manifest injustice," as Antuna now claims.  (Id. at 7.)

## D.     Evidentiary Hearing

AEDPA provides that a habeas petitioner is entitled to a hearing only if he can show that his claim "relies on—(i) a new rule of constitutional law . . . or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence" and that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty . . . ."  28 U.S.C. § 2254(e)(2).

Antuna has failed to establish his claim, and he has not demonstrated that there are facts available that could establish that claim.  Therefore, an evidentiary hearing is not warranted.

### E.      Certificate of Appealability

Antuna is required to secure a Certificate of Appealability before appealing the dismissal of his habeas corpus action. Id. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). This Court cannot grant a Certificate of Appealability unless the he "has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason . . . could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Antuna's claim does not deserve such encouragement. See id. The Court will therefore not grant a Certificate of Appealability.

**CONCLUSION**

Antuna's Petition fails because he was not in custody when he filed it, it is untimely, and he cannot establish a violation of his due-process rights in any event. Accordingly, **IT IS HEREBY ORDERED that**:

1.      The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

2.      A Certificate of Appealability will **NOT** issue; and

3.      The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.

Dated:    April 20, 2020

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge

8